Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 400-4400
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Miner,<br><br>           Plaintiff,<br>v.<br><br>City of Phoenix,<br><br>           Defendant. | No. 2:22-cv-00828-SMB-MTM<br><br>**PLAINTIFF'S EMERGENCY MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[Oral Argument Requested]**<br>**[Expedited briefing and consideration requested]** |

Pursuant to 28 U.S.C. § 1447(c), Plaintiff hereby moves to remand this matter to the Arizona Superior Court. As the City of Phoenix's notice of removal makes clear, this Court lacks subject matter jurisdiction over this matter because the operative complaint contains no federal claims. *See* Doc. 1, p. 2, ¶¶ 2, 4, and 5. Plaintiff's proposed amended complaint, which does contain federal claims, has never been filed because the City filed its notice of removal before the state court could grant leave, or Plaintiff could file her amended complaint.

The relevant facts are as follows. On May 13, 2021, Plaintiff filed her complaint in state court asserting only state law claims against the City of Phoenix. On May 6, 2022, Plaintiff moved to amend her complaint to add additional defendants—two police officers—and federal claims against the City and the two officers. Doc. 1-1, at p. 65. Defendant City of Phoenix and Plaintiff agreed to stipulate to the amendment if Plaintiff

Page 1 of 4

would not object to removal,[1] and on May 11, 2022, the parties filed their stipulation. Doc. 1-1, at p. 80. The next day, before the state court could rule on the stipulation and before Plaintiff could file her amended complaint, Defendant City of Phoenix filed its notice of removal. Doc. 1.

The City's notice of removal stripped the state court of jurisdiction. As a result, the state court can never grant the stipulation to allow for the filing of the amended complaint. Because the amended complaint can never be filed, it can never be served on the individual defendants named in the amended complaint.

Other courts in this district have determined that in this situation, they lack federal subject matter jurisdiction, and that the only solution is remand. *See Fesko v. Equiant Fin. Servs. Inc.,* No. CV-19-01366-PHX-DWL, 2019 WL 1915617, at *2 (D. Ariz. Apr. 30, 2019) (holding under similar circumstances that "[t]he Court has no choice but to remand this action to state court."); *U.S. Bank Nat'l Ass'n v. Starr Pass Resort Devs.*, LLC, No. CV 12-519-TUC-FRZ, 2012 WL 13026921, at *2 (D. Ariz. Sept. 5, 2012) ("a case is not removable until a state court actually grants the motion to file a proposed amended complaint that forms the basis for federal jurisdiction.")

In *Fesko*, as here, the Defendant removed a state court matter after a motion to amend a complaint to add federal claims had been filed, but before the motion had been granted or the amended complaint had been filed. Judge Lanza determined that he lacked jurisdiction to hear the case and ordered it remanded. In *U.S. Bank*, Judge Zapata reached the same result in a diversity case where the Plaintiff sought amendment of her complaint to add damages claims and the defendant removed to federal court before leave had been

---

[1] Plaintiff agreed not to object to a timely and proper removal, which did not happen. Plaintiff did not, and legally could not, agree to waive the issue of subject matter jurisdiction. *See Kuhlmann v. Sabal Fin. Grp. LP,* 26 F. Supp. 3d 1040, 1050 (W.D. Wash. 2014) ("Doctrines of waiver, estoppel, and equitable tolling do not apply to subject matter jurisdiction requirements, and a lack of subject matter jurisdiction can be raised at any time, even by the Court.")

given to file the amendment. Judge Zapata determined that he lacked jurisdiction and remanded the case.

Both *Fesko* and *U.S. Bank* held that a case was not removable based solely on a proposed amendment to a complaint. The action that triggers removal is the filing of the amended complaint itself.

Plaintiff has been unable to locate any case in this district holding that removal is proper before an amended complaint has been filed. In *Beauregard v. Agro-Jal Farming Enters.*, 2016 U.S. Dist. LEXIS 23076 *, No. CV-15-02397-PHX-JJT (D. Ariz. Feb. 25, 2016, the court held that the time for removal of a diversity action was triggered by a stipulation to dismiss a non-diverse defendant and not by the later order that dismissed the defendant. As a result of that determination, the court remanded the case to state court as untimely removed. *Beauregard* does not address the question of whether a proposed amended complaint triggers removal.

Before filing this motion, Plaintiff repeatedly advised the City's attorneys that their removal was improper. Plaintiff provided the City with a stipulation to remand, which the City rejected. Plaintiff then provided the City with a proposed joint motion to determine jurisdiction. The City rejected that as well.

Plaintiff's concern in raising this issue is that "[i]n this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—to adjudicate the dispute… If that power is missing, however, the court is not in a position to act and its decisions cannot generally be enforced." *Toumajian v. Frailey*, 135 F.3d 648, 652–53 (9th Cir. 1998). If there is a defect in this Court's jurisdiction, any subsequent ruling or disposition in this matter would most likely be a nullity. Absent jurisdiction, every effort that the parties or the Court expend on this matter will be wasted.

Because it is apparent on the face of the notice of removal that there is no jurisdiction, the Court should issue its order remanding this matter to state court.

Further, Plaintiff requests that this motion be given expedited or emergency consideration. Because of the City's untimely removal, Plaintiff's amended complaint sits in legal limbo. It cannot be filed and it cannot be served. The statute of limitation for Plaintiff's federal claims runs on May 30, 2022. If the case is not remanded before that date, Plaintiff may be forced to file a new lawsuit in order to preserve those claims and may incur costs that she should never have incurred.

Finally, Plaintiff requests that she be awarded her fees and costs incurred in seeking remand.

RESPECTFULLY SUBMITTED: May 18, 2022

**ROBBINS & CURTIN, P.L.L.C.**

By: /s/ Jesse M. Showalter
Joel B. Robbins
Jesse M. Showalter
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Les S. Tuskai
Karen Stillwell
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
les.tuskai@phoenix.gov
karen.stillwell@phoenix.gov
*Attorneys for Defendant*

By: /s/ Julie W. Molera