**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Miner, | No. CV-22-00828-PHX-SMB (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, | |
| Defendant. | |

    Pending before the Court is Plaintiff's Emergency Motion to Remand for Lack of Subject Matter Jurisdiction. (Doc. 5.) Defendant, City of Phoenix, filed a Response. (Doc. 7.) The Court has considered the parties briefing and relevant law and will grant Plaintiff's Motion to Remand.

    Plaintiff filed her Complaint in Maricopa County Superior Court (the "Superior Court") against the City of Phoenix on May 13, 2021, alleging state law claims of negligence and gross negligence. (Doc. 1-1 at 5.) On May 11, 2022, the parties filed a stipulation with the Superior Court in which the parties stipulated to Plaintiff filing an amended complaint which would add two additional defendants and federal claims against all defendants. (Doc. 5 at 1.) The stipulation also would allow the City of Phoenix to remove the case to federal court. However, on May 12, 2022, the City of Phoenix removed the case to this Court before the stipulation was granted by the Superior Court and before Plaintiff's amended complaint was filed. (Doc. 5 at 1.) Thus, the amended complaint was not the operative complaint in the case when the case was removed to this Court.

1   A defendant may file a notice of removal within 30 days after the receipt of a copy of the

> initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.

28 U.S.C. §1446(b).  "If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "[T]he majority of courts have taken the position that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint." *Fesko v. Equiant Fin. Servs. Inc.*, No. CV-19-01366-PHX-DWL, 2019 WL 1915617, at *2 (D. Ariz. Apr. 30, 2019) (quoting *Douklias v. Teacher's Ins. & Annuity Ass'n*, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999)).  In *Fesko*, the court remanded the case to state court because the defendant removed the case before the state court had ruled on plaintiff's pending motion for leave to amend the complaint to add federal claims.  *Id.* at 1. The court reasoned that, under 28 U.S.C. § 1446(b)(3), the right to removal is triggered only if a document demonstrates "that the case is one which *is or has become* removable." *Id.* at 2 (emphasis added).  The motion for leave to file an amended complaint only showed that the case might become removable in the future.  *Id.*

Here, the case was not removable because the parties' stipulation did not show that the was removable.  Instead, it merely showed that the case might become removable if the Superior Court granted the stipulation and if Plaintiff actually did file an amended complaint containing federal claims.  Without an operative complaint containing federal claims, the Court does not yet have subject matter jurisdiction to hear this case.  Accordingly, the case must be remanded to the Superior Court.  The Court will decline to award Plaintiff attorney's fees.

///

///

///

- 2 -

1
2
3       **IT IS ORDERED** granting Plaintiff's Motion to Remand.  (Doc. 5.)
4       **IT IS FURTHER ORDERED** directing the Clerk of Court to remand this case to
5 Maricopa County Superior Court and close this case.
6       Dated this 26th day of May, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge